**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY STROHMEYER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BEGUEFUTH; BOARD OF PRISON, Nevada; MICHAEL BOBADILLA; TARA CARPENTER; C. CARTIER; CATHRINE MASTO CORTEZ, Nevada Attorney General; DWAYNE DEAL; S. L. FOSTER; JAMES FOX; STARLIN GENTRY; M. GILDER; JAMES KEENER; ROBERT LEGRAND, Warden; ROSS MILLER, Secretary of State; VALAREE OLIVAS; C. RUIZ; C. RUTHERFORD; SANDY; C. SCHARDIN; S. SISCO; STATE OF NEVADA; ADAM VALLASTER; MICHAEL WARD; WHITEMAN; JOHN WHITING; DAVID CARPENTER; DONNA JENKINS; K. KIRKPATRICK; KEITH MIRANDA; DAVID BEQUETTE; KELLY BELANGER; MICHELLE GILDER; CHARLES SCHARDIN, Dr.; STATE OF NEVADA, ex rel NDOC, | No. 21-15760<br><br>D.C. No.<br>3:14-cv-00661-RCJ-WGC<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted May 12, 2023[**]

Before: FERNANDEZ, SILVERMAN, and NR SMITH, Circuit Judges

Jeremy Strohmeyer appeals the district court's grant of summary judgment in favor of the defendants and dismissal of one of his claims in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). We affirm.

The district court properly held that the Due Process Clause does not protect an inmate from transfers from one state prison to another, even if one prison has "more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

Summary judgment was proper on the claim alleging that the defendants failed to protect Strohmeyer from another inmate. Strohmeyer failed to offer

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

admissible evidence to establish that any defendant acted with deliberate indifference to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (setting forth the standard). Strohmeyer's conclusory allegations, without evidence of supporting facts, will not create a genuine issue of material fact. *Far Out Prod., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

The district court properly granted summary judgment on the due process claims arising out of the disciplinary hearings. Assuming that Strohmeyer had a liberty interest, he received the process due under *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). He was not entitled to "the full panoply of rights due" in a criminal prosecution. *Id.* at 556. Moreover, the decision was supported by some evidence in the record. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (setting forth the standard). Contrary to Strohmeyer's claim, the some evidence standard applies to his due process claims. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003).

The district court did not abuse its discretion by denying appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the "exceptional circumstances" standard and standard of review).

Nor has Strohmeyer established that the district court abused its discretion or that he suffered actual and substantial prejudice from any of the district court's

discovery orders. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard). The mere fact that the court ruled against Strohmeyer does not establish bias. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

Strohmeyer's arguments regarding taxation of costs in the previous appeal (No. 15-16147) lack merit because we specifically denied his request in that appeal.

We decline to consider other claims alluded to by Strohmeyer as having been raised below, but that are not otherwise explained or supported by argument in the brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (holding that we generally do not consider issues "not specifically and distinctly raised and argued in appellant's opening brief") (internal quotation marks omitted); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues raised, but not supported by argument, are abandoned or waived).

Strohmeyer's renewed motion for appointment of counsel (Dkt. Entry No. 32) is DENIED.

**AFFIRMED**